JUSTICE NELSON
concurs.
¶55 I concur in our Opinion and have, accordingly, signed the same.
¶56 It is also worth noting that even Montana’s statutory law does not justify the sort of intrusive search that was conducted in this case. This State’s law on bailments provides that an “involuntary deposit” or bailment occurs when, among other things, a person accidentally leaves or places personal property in the possession of any person, without negligence on the part of the owner. Sections 70-6-101(1), MCA and 70-6-103(1), MCA. The person with whom a thing is involuntarily deposited is then bound to take charge of it if able to do so. Section 70-6-104, MCA. Certainly, when one accidentally loses his or her wallet or purse and it comes into the possession of the police or some other third party, an involuntary bailment occurs and the police or third party become depositaries.
¶57 Section 70-6-201, MCA, provides that:
A depositary may not use the thing deposited or permit it to be used for any purpose without the consent of the depositor. He *522 may not, if it is purposely fastened by the depositor, open it without the consent of the latter, except in case of necessity. [Emphasis added.]
Again, while necessity may dictate that the depositary open a fastened wallet or purse to the extent required to conduct a minimally intrusive search for the owner’s identity, once that purpose is fulfilled, the depositary is prohibited under this statute from opening other fastened compartments and containers in the wallet or purse absent the consent of the owner.
¶58 In the case at bar, the police, as involuntary depositaries, were within their authority to unfasten Hamilton’s wallet to learn her identity. However, once that was determined — and in this case it was as soon the wallet was unfastened-they could go no further.
¶59 I concur.